FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2016 SEP 13 PM 3: 56
ORLANDO DIVISION

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CORDELL ALLEN, ALIA CLARK,
PATRICIA DEARTH, CHRIS
DEPIERRO, JESSICA LEIGHTON,
JESSICA PEREZ, JAMIE RIVERA,
LAYFON ROSU, MARISSA SHIMKO, and
CAROL SOMERS,
On behalf of themselves and others
similarly situated,

CASE NO.: 6:16-cv-1603-ORL-18-KRS

Plaintiffs,

FLSA COLLECTIVE ACTION

v.

HARTFORD FIRE INSURANCE COMPANY,
a Foreign for Profit Corporation,

Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, CORDELL ALLEN, ALIA CLARK, PATRICIA DEARTH,
CHRIS DEPIERRO, JESSICA LEIGHTON, JESSICA PEREZ, JAMIE RIVERA, LAYFON
ROSU, MARISSA SHIMKO, and CAROL SOMERS ("Plaintiffs"), on behalf of themselves and
other similarly situated employees, by and through their undersigned counsel, and sue
Defendant, HARTFORD FIRE INSURANCE COMPANY ("Defendant" or "Hartford"), and in
support state as follows.

### Jurisdiction and Venue

1.      This is an action for damages by Plaintiffs, on behalf of themselves and other
similarly situated employees, against their employer and/or former employer for violations of the
Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has

1

jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Venue is proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. At all times material to Plaintiffs' claims, defendant has conducted substantial, continuous, and systematic commercial activities in this District.

### Parties and Factual Allegations

3.      This is an action for violations of the FLSA brought by, and on behalf of, current and former employees of Defendant, referred to below collectively as "Analysts." These Analysts include named Plaintiffs CORDELL ALLEN, ALIA CLARK, PATRICIA DEARTH, CHRIS DEPIERRO, JESSICA LEIGHTON, JESSICA PEREZ, JAMIE RIVERA, LAYFON ROSU, MARISSA SHIMKO, and CAROL SOMERS, as well as other similarly situated employees.

4.      As used in this pleading, the term "Analyst" refers to all current, former, and future salaried employees who processed long term disability claims, including, but not limited to the titles of LTD Senior Claim Ability Analyst, LTD Specialty Analyst, CAR Senior Claim Ability Analyst, CAR Specialty Analyst and/or any employee who performed substantially the same work as employees with those titles; and who was and/or is employed during the relevant time for this instant action in which the term "Analyst" is used, including any time during which the statute of limitation was or may have been tolled or suspended. The above referenced job positions are referred to herein as "Covered Positions."

2

5.      Plaintiff, CORDELL ALLEN was employed by Defendant from on or around November 2014 through on or around October 2015, and held an Analyst position as defined above, at Defendant's business located, among other locations, in Seminole County, Florida.

6.      Plaintiff, ALIA CLARK was employed by Defendant from on or around November 2014 through on or around April 1, 2016, and held the title and/or position of LTD Senior Claim Ability Analyst during the relevant period for this instant action, at Defendant's business located, among other locations, in Seminole County, Florida.

7.      Plaintiff, PATRICIA DEARTH has been employed by Defendant from on or around January 1, 2004 through the present, and held the title and/or position of LTD Specialty Analyst during the relevant period for this instant action, at Defendant's business located, among other locations, in Orange and Seminole Counties, Florida.

8.      Plaintiff, CHRIS DEPIERRO has been employed by Defendant from on or around September 2012 through the present, and held the title and/or positions of LTD Claim Ability Analyst and LTD Senior Claim Ability Analyst during the relevant period for this instant action, at Defendant's business located, among other locations, in Orange and Seminole Counties, Florida.

9.      Plaintiff, JESSICA LEIGHTON has been employed by Defendant from on or around September 22, 2014 through the present, and held the title and/or position of LTD Senior Claim Ability Analyst during the relevant period for this instant action, at Defendant's business located, among other locations, in Seminole County, Florida.

10.     Plaintiff, JESSICA PEREZ has been employed by Defendant from on or around May 11, 2009 through the present, and held the title and/or positions of LTD Senior Claim

3

Ability Analyst and LTD Specialty Analyst during the relevant period for this instant action, at Defendant's business located, among other locations, in Orange and Seminole Counties, Florida.

11.     Plaintiff, JAMIE RIVERA has been employed by Defendant from on or around January 3, 2011 through the present, and held the title and/or position of LTD Senior Claim Ability Analyst during the relevant period for this instant action, at Defendant's business located, among other locations, in Orange and Seminole Counties, Florida.

12.     Plaintiff, LAYFON ROSU has been employed by Defendant from on or around April 17, 2006 through the present, and held the title and/or position of LTD Specialty Analyst during the relevant period for this instant action, at Defendant's business located, among other locations, in Orange and Seminole Counties, Florida.

13.     Plaintiff, MARISSA SHIMKO has been employed by Defendant from on or around May 23, 2005 through the present, and held the title and/or positions of LTD Senior Claim Ability Analyst and LTD Specialty Analyst during the relevant period for this instant action, at Defendant's business located, among other locations, in Orange and Seminole Counties, Florida.

14.     Plaintiff, CAROL SOMERS has been employed by Defendant from on or around July 1998 through the present, and held the title and/or position of an Analyst as defined above, at Defendant's business located, among other locations, in Orange and Seminole Counties, Florida.

15.     Plaintiffs are and/or were employees of Defendant as defined by 29 U.S.C. § 203(e).

16.     Plaintiffs are not and/or were not exempt under any exemption pursuant to 29 U.S.C. § 213.

4

17.     Defendant, HARTFORD FIRE INSURANCE COMPANY, is a Foreign for Profit Corporation, operating a business located, among other locations, in Orange and Seminole Counties, Florida. Defendant also operates businesses that employ Analysts in other states which include, but are not limited to, Connecticut, New York, Georgia, and Minnesota.

18.     Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

19.     Defendant is and/or was an employer of Plaintiffs as defined by 29 U.S.C. § 203(d).

20.     At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiffs and/or other Covered Employees, and exercised control over the wages, hours, and working conditions of Plaintiffs and other Covered Employees.

21.     At all relevant times Defendant acted pursuant to, and within the scope of, the relationship alleged above, and knew or should have known about, and authorized, ratified, adopted, approved, controlled, and/or aided and abetted the conduct of Defendant and/or its agents.

22.     On a frequent basis throughout Plaintiffs' employment with Defendant, Plaintiffs worked in excess of forty (40) hours per week, but were not compensated for all hours worked in excess of forty (40) hours at a rate not less than one and one-half times their regular rate of pay.

23.     Defendant's managers, with the knowledge and consent of corporate management, systemically violated the law throughout the United States, in the following respects; failing to pay employees overtime compensation for hours worked in excess of forty (40) hours per week, and failing to maintain accurate records of employees' time worked.

24.     Defendant employs thousands of Analysts throughout the United States now and during all relevant time periods.

25.     Other employees who worked for Defendant throughout the United States, and who are members of the class (as defined below) were subjected to the same policies and practices, and have sustained similar losses of compensation for numerous hours worked on behalf of the Defendant.

26.     At all relevant times Plaintiffs are, and have been, similarly situated. Plaintiffs have had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them at the legally required one and one-half rate for work in excess of forty (40) hours per week, (2) willfully and inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that the Plaintiffs were non-exempt and entitled to overtime pay, and (3) willfully failing to keep records required by the FLSA. The claims of Plaintiffs stated herein are essentially the same as those of the other potential plaintiffs.

27.     Plaintiffs have sustained substantial losses from Defendant's failure to pay them overtime compensation.

28.     Plaintiffs have retained LYTLE & BARSZCZ to represent them in this matter and have agreed to pay said firm reasonable attorneys' fees for its services.

## COUNT I
### Violation of the Overtime Provisions
### of the Fair Labor Standards Act

29.     Plaintiffs repeat and incorporate by reference each and every allegation set forth in Paragraphs 1 through 28 above, as if fully set forth herein.

6

30.     Plaintiffs are and/or were employees of Defendant as defined by 29 U.S.C. § 203(e).

31.     Plaintiffs are not and/or were not exempt under any exemption pursuant to 29 U.S.C. § 213.

32.     Defendant is and/or was an employer of Plaintiffs as defined by 29 U.S.C. § 203(d).

33.     Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

34.     During the relevant statutory period, Plaintiffs and other similarly situated employees regularly worked in excess of forty (40) hours per week.

35.     Defendant failed to pay Plaintiffs the required overtime rate, one and one-half times their regular rate, for all hours worked in excess of forty (40) hours per week.

36.     Defendant willfully failed to keep proper records of all hours worked by Plaintiffs as required by 29 U.S.C. § 211(c), even though Plaintiffs are and/or were entitled to overtime compensation.

37.     Defendant's failure to pay the required overtime rate was willful and/or the result of a common policy or plan that all Plaintiffs and similarly situated employees were subjected to, which resulted in Plaintiffs and similarly situated employees not being paid one and one-half times their regular rate for all hours worked in excess of forty (40) hours per week.

38.     Due to Defendant's willful violation of the FLSA a three (3) year statute of limitation applies.

39.     Plaintiffs have retained LYTLE & BARSZCZ to represent them in this matter, and have agreed to pay said firm reasonable attorneys' fees for its services.

7

WHEREFORE Plaintiffs, on behalf of themselves and other similarly situated employees, demand judgment against Defendant for the following:

A. Certification of this action as a collective action brought pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as representatives of the FLSA Collective Action;

C. That the Plaintiff be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present Analysts employed by the Defendants at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

D. That all past and present members of the Plaintiff Class be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

E. Equitable tolling of the statute of limitations for all potential opt in Plaintiffs from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

F. That the Court enjoin Defendant pursuant to 29 U.S.C. § 217 of the FLSA from withholding future payment of overtime compensation owed to members of the Class;

G. Unpaid overtime proven to be due and owing;

H. An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

I. Prejudgment interest in the event liquidated damages are not awarded;

J. Reasonable attorneys' fees and costs; and

8

K.  Such other relief as the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted this 13th day of September, 2016.

**Mary E. Lytle, Esq.**
Florida Bar No. 0007950
**David V. Barszcz, Esq.**
Florida Bar No. 0750581
**Robert N. Sutton, Esq.**
Florida Bar No. 0121688
**LYTLE & BARSZCZ, P.A.**
543 N. Wymore Road, Ste. 103
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
rsutton@lblaw.attorney
**Counsel for Plaintiffs**