UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CORDELL ALLEN, ALIA CLARK, )
PATRICIA DEARTH, CHRIS )
DEPIERRO, JESSICA LEIGHTON, )
JESSICA PEREZ, JAMIE RIVERA, )
LAYFON ROSU, MARISSA SHIMKO, and )
CAROL SOMERS, on behalf of themselves and )
others similarly situated, )
)
    Plaintiffs, )
v. ) Case No. 6:16-cv-01603-GKS-KRS
)
HARTFORD FIRE INSURANCE COMPANY, )
a Foreign for Profit Corporation, )
)
    Defendant. )
)

CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | April 7, 2017 |
| Certificate of Interested Persons and Corporate Disclosure Statement [each party who has not previously filed must file immediately] | Already Filed |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting] | May 8, 2017 |
| Disclosure of Expert Reports     Plaintiff:<br>    Defendant:<br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | 12/5/2017<br>1/5/2018 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Discovery Deadline   [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | 2/5/2018 |
| Dispositive Motions, *Daubert*, and *Markman* Motions [Court recommends no less than 5 months before trial] | 3/5/2018 |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions, Verdict Form and Voir Dire Questions emailed to chambers_FLMD_Dalton@flmd.uscourts.gov in Word format), Witness Lists, Exhibit Lists with Objections on Approved Form)   Trial Briefs [Court recommends 4 weeks before Final Pretrial Conference] | 7/9/2018 |
| All Other Motions Including Motions *In Limine* [Court recommends 3 weeks before Final Pretrial Conference] | 7/16/2018 |
| Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial] | |
| Trial Term Begins   [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived. | 8/6/2018 |
| Estimated Length of Trial   [trial days] | The estimated length of trial depends on the number of plaintiffs that join the case -- it may last several weeks. |
| Jury / Non-Jury | Jury |
| Mediation                                            Deadline:<br>                                            Mediator:<br>                                            Address:<br><br>                                            Telephone:<br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | 9/15/2017<br>Jay Cohen<br>981 Mayfield Ave<br>Winter Park, FL 32789<br>407-644-1181 |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____   No X_<br><br>Likely to Agree in Future _____ |

2

I.      Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.  Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on **February 7, 2017,** at 1:30 p.m. at Akerman LLP, 420 South Orange Avenue, Suite 1200, Orlando, FL 32801 and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Mary E. Lytle, Esq. | Plaintiff |
| David V. Barszcz, Esq. | Plaintiff |
| Patrick J. Bannon, Esq. | Defendant |

II.     Pre-Discovery Initial Disclosures of Core Information

Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures

Fed.R.Civ.P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties _____ have exchanged **X** agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by **April 7, 2017**.

Below is a description of information disclosed or scheduled for disclosure.

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

**The Parties will disclose all information required by Fed. R. Civ. P. 26(a)(1)(A)-(D).**

III.    Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

___    no party anticipates the disclosure or discovery of ESI in this case;

**X**    one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A.    The form or forms in which ESI should be produced.

B.    Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C.    Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D.    The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

---

[2] See Generally:  *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, only in the unusual event an agreement between the parties is insufficient, an Order under Federal Rules of Evidence Rule 502,   If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report, together with a statement as to why an enforceable agreement between the parties is not sufficient. The parties should attempt to agree on protocols that minimize the risk of waiver.   Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:   **NONE AT THIS TIME**

If there are disputed issues specified above, or elsewhere in this report, then (check one): **NONE**

\_\_\_   one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be

addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

____    all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.     Agreed Discovery Plan for Plaintiffs and Defendants

A.      Certificate of Interested Persons and Corporate Disclosure Statement This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper including emergency motion is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:            __**X**__   Yes

_____   No

Amended Certificate will be filed by _____ (party) on or before _____ date).

B.     Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.   The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f).   The parties further agree as follows: **NO ADDITIONAL AGREEMENTS AT THIS TIME**

C.     Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).   Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b).   Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.   Fed.R.Civ.P. 33(a); Local Rule 3.03(a).   Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.   Fed.R.Civ.P. 30(d)(2).   The parties may agree by stipulation on other limits on discovery.   The Court will consider the parties= agreed dates, deadlines, and other limits in entering the scheduling order.   Fed.R.Civ.P. 29.   In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

    1.   Depositions

        **The Hartford wishes to depose each Plaintiff.   There are currently 38 Plaintiffs. Plaintiffs will oppose such a request for a number of reasons and believes that Defendant will have to motion the Court to request more than the ten (10) depositions permitted by the Rules.**

    2.   Interrogatories

        **PER THE RULES**

7

      3.      Document Requests

           **PER THE RULES**

      4.      Requests to Admit

           **PER THE RULES**

      5.      Supplementation of Discovery

           **PER THE RULES**

   D.      Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: **NO ADDITIONAL AGREEMENTS AT THIS TIME**

   E.      Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: **NO ADDITIONAL AGREEMENTS AT THIS TIME**

   F.      Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The

Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as confidential. There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need. With respect to confidentiality agreements, the parties agree as follows: **NO ADDITIONAL AGREEMENTS AT THIS TIME**

    G.    Other Matters Regarding Discovery **NONE**

VI.    Settlement and Alternative Dispute Resolution.

    A.    Settlement

The parties agree that settlement is \_\_\_\_\_ likely **X** unlikely

(check one)

The parties request a settlement conference before a United States Magistrate Judge. \_\_\_\_\_ yes **X** no \_\_\_ likely to request in future

B. Arbitration

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case.   Do the parties agree to arbitrate?

  \_\_\_\_\_   yes   **X**   no   \_\_\_\_\_   likely to agree in future

_____  Binding          _____ Non-Binding

C. Mediation

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Courts Local Rules.   The parties have agreed on a mediator from the Courts approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.   The list of mediators is available from the Clerk, and is posted on the Courts web site at http://www.flmd.uscourts.gov.

D. Other Alternative Dispute Resolution

The parties intend to pursue the following other methods of alternative dispute resolution: **<u>INFORMAL SETTLEMENT NEGOTIATIONS</u>**

Date: February 28, 2017

| | |
|---|---|
| LYTLE & BARSZCZ, P.A.<br>543 N. Wymore Road<br>Suite 103<br>Maitland, FL   32751<br>Telephone: (407) 622-6544<br>Facsimile: (407) 622-6545 | SEYFARTH SHAW, LLP<br>Two Seaport Lane<br>Suite 300<br>Boston, MA 02210<br>Telephone: (617) 946-4800<br>Facsimile: (617) 946-4801 |
| By:   */s/ Mary E. Lytle*<br>       Mary E. Lytle, Esquire<br>       Florida Bar No. 0007950<br>       mlytle@lblaw.attorney | By:   */s/ Patrick J. Bannon*<br>       Patrick J. Bannon, Esq. (*pro hac vice*)<br>       Massachusetts Bar No.   635523<br>       lpbannon@seyfarth.com |

| | |
|---|---|
| David V. Barszcz, Esquire<br>Florida Bar No. 750581<br>dbarszcz@lblaw.attorney | Anthony S. Califano, Esq. (*pro hac vice*)<br>Massachusetts Bar No.   661136<br>acalifano@seyfarth.com |
| Robert N. Sutton, Esquire<br>Florida Bar No. 121688<br>rsutton@lblaw.attorney | Molly C. Mooney, Esq. (*pro hac vice*)<br>Massachusetts Bar No. 687812<br>mmooney@seyfarth.com |
| Attorneys for Plaintiffs | And |

AKERMAN, LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

By:    */s/ Arlene K. Kline*
         Arlene K. Kline, Esq.
       Florida Bar No.: 104957
       Arlene.kline@akerman.com

       Melissa S. Zinkil, Esq.
       Florida Bar No.: 0653713
       Melissa.zinkil@ackerman.com

Attorneys for Defendant