UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANNE BACHMANN, PATRICIA DEARTH, )
ALICIA DUQUETTE, JESSICA PEREZ, JAMIE )
RIVERA, LAYFON ROSU, MARISSA )
SHIMKO, and CAROL SOMERS, on behalf of )
themselves and others similarly situated, )
    Plaintiffs, )
v. ) Case No. 6:16-cv-1603-Orl-37KRS
)
HARTFORD FIRE INSURANCE COMPANY, )
a Foreign for Profit Corporation, )
    Defendant. )

**THE HARTFORD'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE PROPER METHOD FOR CALCULATING ANY OVERTIME DAMAGES**

    The Hartford respectfully requests summary judgment regarding the proper method for calculating any unpaid overtime wages allegedly due to the named and opt-in plaintiffs (collectively, "Plaintiffs") for the claimed misclassification of their positions as exempt from the Fair Labor Standards Act's ("FLSA") overtime requirements.

**I.    INTRODUCTION**

    Any overtime wages that Plaintiffs may prove must be calculated using the "half-time" method. A salaried employee's regular rate of pay is the hourly rate of pay derived from her salary. When an employee receives a salary that is intended to compensate her for all hours of work each workweek, she has already received compensation for all of her hours worked—including any overtime hours—at her regular rate of pay. If the employee then prevails on her misclassification claim, she is entitled to overtime premium pay for any hours of work over forty at one-half of her regular rate of pay—not at a rate of one and one-half

times her regular rate of pay. The undisputed record here proves that the half-time method applies. Indeed, it is clear that most Plaintiffs received job offer letters stating that their salaries "cover[ed] all work performed," and all Plaintiffs accepted fixed salaries that did not vary despite their fluctuating hours each workweek. Accordingly, Plaintiffs' fixed salaries were intended to compensate them for all of their hours of work. And Plaintiffs' overtime damages, if any, must be calculated using the half-time method. The Hartford is therefore entitled to summary judgment on this issue.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

### A. Plaintiffs Accepted Fixed Salaries "Covering All Work Performed"

1. Before November 27, 2016, The Hartford treated Plaintiffs as exempt from the FLSA's weekly overtime requirements. Plaintiffs' Interrogatory Responses ("Int. Resp.") 5, 7(a), 7(d) (identifying Plaintiffs' fixed salaries and conversion to hourly as of November 27, 2016) (Ex. 1).

2. The Hartford paid each Plaintiff a fixed annual salary—distributed on a semi-monthly basis—that did not vary from pay period to pay period. Int. Resp. 5 and 7(d) (Ex. 1); Offer Letters (Ex. 2).

3. The lowest annual salary that the Hartford paid to a Plaintiff was $43,104.80. I. Hardy Int. Resp. 5 (Ex. 3). And the highest annual salary that The Hartford paid to a Plaintiff was $81,700.00. Walker Int. Resp. 5 (Ex. 4).

4. Most Plaintiffs received offer letters stating that their fixed salaries "cover[ed] all work performed." All Work Performed Offer Letters (Ex. 5).

5. Some Plaintiffs received multiple offer letters containing the same language. W. Allen, Hammond, T. Hardy, Tobias, C. Wagner Offer Letters (Ex. 6).

6. Offer letters that lacked the "covering all work performed" language still identified each Plaintiff's fixed, semi-monthly salary. Albright, Battaglia, Vattimo, J. Wojcik, Wright Offer Letters (Ex. 7).

7. No Plaintiff received an offer letter for a salaried position that identified a specific number of hours of work per workweek that the salary was intended to compensate. Offer Letters (Ex. 2).

**B       Plaintiffs' Salaries Were Fixed Despite Varying Work Hours Each Week**

8. Plaintiffs' hours of work varied from week-to-week. Andreas-Moses Dep. 161:4-24 (Ex. 8); Ceesay Dep. 147:23-156:12 (Ex. 9); Cook Dep. 216:4-217:9 (Ex. 10); Dearth Dep. 145:17-146:17 (Ex. 11); Guitierrez Dep. 99:24-106:19 (Ex. 12); Lundberg Dep. 97:4-19, 116:7-11 (Ex. 13); Methany Dep. 51:1-52:10 (Ex. 14); Mavity Dep. 41:17-60:25 (Ex. 15); Talbert Dep. 40:19-42:12 (Ex. 16); Tobias Dep. 168:3-170:20 (Ex. 17); C. Wagner Dep. 116:6-123:19 (Ex. 18); E. Wagner Dep. 17:17:23-19:24 (Ex. 19); Walker Dep. 26:19-28:8, 81:4-14, 83:15-84:6 (Ex. 20); West Dep. 80:15-82:15 (Ex. 21); Wojcik Dep. 52:20-53:24, 143:18-147:5 (Ex. 22); Wright Dep. 99:15-102:6 (Ex. 23).

9. Plaintiffs claim that they frequently worked more than forty hours per workweek. Int. Resp. 3 (Ex. 1).

10. Plaintiffs admit that they sometimes worked fewer than forty hours per workweek. Cook Dep. 146:15-22, 217:2-5 (Ex. 10); Dearth Dep. 146:23-147:1 (Ex. 11); Lundberg Dep. 51:14-16 (Ex. 13); Mavity Dep. 41:5-16; 65:1-7 (Ex. 15); Tobias Dep. 54:21-

25 (Ex. 17); Walker Dep. 120:20-23 (Ex. 20); Wojcik Dep. 55:14-56:8 (Ex. 22); Wright Dep. 102:19-25 (Ex. 23).

11. The Hartford did not pay Plaintiffs premium compensation for any hours worked above forty hours per workweek. Int. Resp. 7(d) (Ex. 1) (Plaintiffs stating: "I was paid only my salary. I did not receive any additional compensation for overtime hours worked.").

12. When Plaintiffs worked less than forty hours per workweek, The Hartford did not pay them less than they received when they allegedly worked forty or more hours per workweek. Int. Resp. 7(d) (Ex. 2); Cook Dep. 146:6-19 (Ex. 10); Dearth Dep. 145:21-147:11 (Ex. 11); Lundberg Dep. 50:9-51:16 (Ex. 13); Mavity Dep. 39:23-41:16, 65:1-21 (Ex. 15); Tobias Dep. 53:7-54:25 (Ex. 17); Walker Dep. 120:15-121:1 (Ex. 20); Wojcik Dep. 55:14-56:8 (Ex. 22); Wright Dep. 102:7-25 (Ex. 23).

13. Plaintiffs received the same amount of money in their paychecks for months and, in some cases, years despite working varying hours every workweek. Int. Resp. 1, 3, 5, 7(a), 7(d) (Ex. 1); Andreas-Moses Dep. 145:16-20 (Ex. 8); Ceesay Dep. 133:3-9, 192:20-193:25 (Ex. 9); Cook Dep. 146:9-22, 189:13-16 (Ex. 10); Dearth Dep. 145:17-147:11 (Ex. 11); Methany Dep. 13:9-20 (14); Mavity Dep. 39:23-40:18, 65:8-21 (15); Talbert Dep. 146:5-7, 148:15-149:3 (Ex. 16); Tobias Dep. 52:7-53:22 (Ex. 17); E. Wagner Dep. 211:11-20 (Ex. 19); Walker Dep. 120:15-121:1 (Ex. 20); Wojcik Dep. 55:14-56:8 (Ex. 22); Wright Dep. 102:7-25 (Ex. 23).

14. Plaintiffs understood that their salaries would remain the same regardless of the number of hours that they worked. Ceesay Dep. 133:3-9, 192:20-193:25 (Ex. 9); Cook

4

Dep. 146:20-22 (Ex. 10); Dearth Dep. 146:18-147:11 (Ex. 11); Guitierrez Dep. 107:2-12, 159:6-17 (Ex. 12); Lundberg Dep. 50:14-51:16, 116:3-6 (Ex. 13); Methany Dep. 13:13-16 (Ex. 14); Mavity Dep. 65:8-20 (Ex. 15); Tobias Dep. 52:7-53:22 (Ex. 17); C. Wagner Dep. 122:25-123:5 (Ex. 18); Walker Dep. 120:15-121:1 (Ex. 20).

15. Some Plaintiffs assert that they complained to their Team Leaders that they felt overworked, but nearly all of them continued to work and did not seek wages allegedly missing from their salaries when they worked long hours. Ceesay Dep. 129:20-131:1 (Ex. 9); Lundberg Dep. 97:11-103:23 (Ex. 13); Methany Dep. 39:19-40:14 (Ex. 14); Talbert Dep. 33:7-24, 149:8-152:24 (Ex. 16); Int. Resp. 10 (Ex. 1).

### III. ARGUMENT

#### A. Summary Judgment Standards

Summary judgment is proper when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party on a motion for summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-moving party must "set forth specific facts showing" a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Courts decide application of the half-time method through summary judgment orders. *See English v. Pharmerica Drug Sys.*, No. 04-cv-741, 2004 U.S. Dist. LEXIS 29900, *13-14 (M.D. Fla. Aug. 27, 2004); *see also* p. 12, *supra* (collecting authorities). Trial courts occasionally have declined to rule on the proper method for calculating overtime damages

before a determination regarding liability. *See, e.g.*, *Kelley v. TaxPrep1, Inc.*, No. 13-cv-451, 2015 WL 4488401, *2 (M.D. Fla. July 22, 2015). The Court here should not wait to rule on this issue. The proper method of calculating any overtime damages is an issue of primary importance in this case, and the record reflects that it is ripe for a decision. An order at the Court's earliest opportunity would also be consistent with the Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 (stating the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action"). Also, Plaintiffs, through their counsel, have stated in an overlapping case that the proper method of calculating any overtime damages is a question for the court to decide. *See Monserrate, et al. v. Hartford Fire Ins. Co.*, No. 14-cv-00149, Dkt. No. 243, p. 52 (M.D. Fla. June 7, 2016) ("Plaintiffs also submit that whether the half time or time and a half rate applies is a determination for the Court.").

There is no genuine issue of material fact regarding the appropriate method for calculating any overtime damages in this case. Accordingly, if Plaintiffs prevail on liability, any overtime damages must be calculated using the half-time method.[1]

### B.   The Half-Time Method For Calculating Any Overtime Damages Applies When An Employee's Salary Is Intended To Be Compensation For All Hours Of Work Each Workweek

The first step toward determining overtime damages for a salaried employee is to establish the employee's "regular rate." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1311 (11th Cir. 2013) (citing *Overnight Motor Trans. Co. v. Missel*, 316 U.S. 572, 579

---

[1] The burden of proving the proper method for calculating any overtime damages lies with the employee, not the employer. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1311 (11th Cir. 2013); *English v. Pharmerica Drug Sys.*, No. 04-cv-741, 2004 U.S. Dist. LEXIS 29900, *10 (M.D. Fla. Aug. 27, 2004) (citing *Davis v. Friendly Express, Inc.*, No. 02-14111, 2003 WL 21488682, *2 (11th Cir. Feb. 6, 2003)).

(1942)). That is because the FLSA commands employers, absent an exemption, to pay their employees for hours worked in excess of 40 each workweek "at a rate not less than one and one-half times the regular rate at which [they are] employed." 29 U.S.C. § 207(a)(1). The FLSA does not include a clear instruction for determining "regular rate," but without it overtime premium cannot be determined. *Lamonica*, 711 F.3d at 310; *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945).

The Eleventh Circuit has held that the "regular rate" of a salaried employee, for purposes of computing overtime compensation, is the hourly rate derived from her weekly salary. *Lamonica*, 711 F.3d at 310 (citing *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1269-1272 (11th Cir. 2008)); *see also* 29 C.F.R. § 778.109. The regular hourly rate of pay is computed by dividing an employee's weekly salary by the number of hours per week which the salary was intended to compensate. *Lamonica*, 711 F.3d at 1312; *Rodriguez*, 518 F.3d at 1269-1272; 29 C.F.R. § 778.113(a-b).

It follows, the Eleventh Circuit has held, that if an employee's weekly salary is intended to compensate her for all hours of work during a workweek then she is entitled to overtime premium at one-half her regular hourly rate. *Lamonica*, 711 F.3d at 1311-1312; *Rodriguez*, 518 F.3d at 1269; *Garcia v. Port Royale Trading Co.*, 198 Fed. Appx. 845, 845-846 (11th Cir. 2006); *Davis v. Friendly Express, Inc.*, No. 02-14111, 2003 WL 21488682, *2 (11th Cir. Feb. 6, 2003); *see also* 29 C.F.R. § 778.113(a-b). The rationale underlying payment of overtime to a salaried employee at a half-time rate—instead of a one and one-half times rate—is that the salaried employee has already received compensation for all hours worked at her regular hourly rate, including any hours worked above forty. *Torres v.*

*Bacardi Glob. Brands Promotions, Inc.*, 482 F. Supp. 2d 1379, 1382 (S.D. Fla. 2007) ("because [the employee] has already received his regular rate for all hours worked, he is entitled to half-time for those hours worked in excess of forty per week.").

Consistent with Eleventh Circuit precedent, trial courts throughout the Eleventh Circuit have adopted the half-time method for calculating overtime damages. *Id.* at 1381 n.2 (S.D. Fla. 2007) ("virtually every court that has considered the question has upheld the remedial use of half-time in failed exemption cases."); *English,* 2004 U.S. Dist. LEXIS 29900, *12 (applying half-time method to calculate overtime damages); *Hall v. Southeast Supreme Cleaning Svcs.*, No. 14-cv-637, 2014 WL 5454393, *6 (M.D. Fla. Oct. 27, 2014) (adopting M.J. Spaulding's report and recommendation and applying half-time method to calculate overtime damages for employee paid on a piece-work basis).[2] Other federal circuit courts that have addressed the issue have also adopted the half-time method. *See Lalli v. Gen. Nutrition Cntrs., Inc.*, 814 F.3d 1, 3 (1st Cir. 2016) ("Only an additional 'half' is required to satisfy the [FLSA] because the 'time' in 'time-and-a-half' has already been compensated under the salary arrangement"); *Desmond v. PNGI Charles Town Gaming, LLC*, 630 F.3d 351, 354-357 (4th Cir. 2011); *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1137-1138 (5th Cir. 1988); *Urnikis-Negro v. Am. Family Prop. Srvs.*, 616 F.3d 665, 680-681 (7th Cir. 2010); *Clements v. Serco, Inc.*, 530 F.3d 1224, 1230 (10th Cir. 2008).

---

[2] *See also Anderson v. Stiefel Aluminum Inc.*, No. 12-cv-1756, 2013 U.S. Dist. LEXIS 9834, *5 n.1 (M.D. Fla. July 15, 2013) ("The law is clear that the half-time method applies when the employee's salary was intended to compensate the employee for all the hours he worked.") (internal citations omitted); *Rindfleisch v. Gentiva Health Servs., Inc.*, No. 1:10-CV-3288-SCJ, 2016 WL 4974969, at *4 (N.D. Ga. Jan. 7, 2016); *Linscheid v. Natus Med., Inc.*, No. 3:12-cv-67-TCB, 2015 WL 1470122, at *13 (N.D. Ga. Mar. 30, 2015); *Shaw v. Bank of Am., N.A.*, No. 1:08-CV-2819-WSD, 2010 WL 11053217, at *7 (N.D. Ga. July 29, 2010); *Saxton v. Young*, 479 F. Supp. 2d 1243, 1255 (N.D. Ala. 2007).

Thus, if Plaintiffs' salaries were intended to compensate them for all hours of work per workweek then any overtime premium the Plaintiffs may be owed under the FLSA must be calculated using the half-time method.[3]

### C. The Half-Time Method Applies Here Because Plaintiffs' Salaries Were Intended To Be Compensation For All Hours Of Work Each Workweek

The undisputed record proves that Plaintiffs' salaries were intended to compensate them for all of their hours of work each workweek. To start, most Plaintiffs received offer letters identifying their fixed, semi-monthly salaries. SOF ¶¶4-6.[4] Those offer letters do not mention overtime compensation, and they do not state or imply that Plaintiffs' salaries were to compensate them for any set number of hours of work per workweek. *See Stein v. Guardsmark, LLC*, No. 12-cv-4739, 2013 U.S. Dist. LEXIS 103131, *29 (N.D. N.Y. July 23, 2013) (holding half-time method proper where offer letter identified bi-weekly salary); *Mitchell v. First Mortg., Inc.*, No. 11-cv-2208, 2013 U.S. Dist. LEXIS 16563, *5 (D. Kan. Feb. 7, 2013) (holding half-time method proper where offer letter identified salary and "makes no mention of overtime compensation"). These undisputed facts, alone, establish that Plaintiffs' salaries were intended to compensate them for all hours of work each workweek, including any hours over forty.

---

[3] Courts sometimes refer to the half-time method as the "fluctuating workweek" method. *Lamonica*, 711 F.3d at 1311. This terminology stems from the Department of Labor's interpretive bulletin setting forth the DOL's guidance on the manner by which an employer may calculate a salaried, non-exempt employee's regular hourly rate of pay when her hours fluctuate. *Id.* 1311 (citing 29 C.F.R. § 778.114). The fluctuating workweek bulletin, which is not a regulation, does not provide the proper analytical framework for the retrospective or remedial calculation of overtime damages. *Id.* (stating that fluctuating workweek guidance "is not a remedial measure that specifies how damages are to be calculated when a court finds that an employer has breached its statutory obligations") (quoting *Urnikis-Negro v. Am. Family Prop. Srvs.*, 616 F.3d 665, 677-678 (7th Cir. 2010)). Rather, the key factor is the number of hours that the employee's salary was intended to compensate. *Id.*

[4] For simplicity, citations in this section III(C) are to Defendant's Statement of Undisputed Material Facts (or "SOF"), section II *supra*, which contains pinpoint citations to supporting record evidence.

9

That is not all. Most Plaintiffs' offer letters went a step further, stating that Plaintiffs' salaries were intended to "cover[] all work performed." SOF ¶4. Thus, The Hartford informed Plaintiffs through standard offer letters—at the outset—that their fixed salaries were to compensate them not for any specific number of hours, but for "all" work. SOF ¶4.

Consistent with The Hartford's clear message, most of the Plaintiffs who have been deposed have admitted that their salaries were intended to compensate them for all hours worked. SOF ¶14. For example, Plaintiff Patricia Dearth testified:

> Q. So there was no point during that entire period when you were treated as a salaried employee that you thought you were going to get paid more if you worked more than 40 hours. Right?
> A. Correct.
> Q. I'm not asking if you thought you should. I'm just asking, did you understand during that entire period that you were going to be paid the same regardless of the hours you worked?
> A. Yes.

SOF ¶14, citing Dearth Dep. 147:2-11. Plaintiff Diane Matheny testified similarly:

> Q. Now, throughout your employment with [T]he Hartford in each of those positions that you've described, have you been paid a salary?
> A. Yes.
> Q. And was it your understanding that the salary was being paid for all hours that you would work?
> A. That was my understanding, yes.

SOF ¶14, citing Methany Dep. 13:9-16.

Beyond their testimony, Plaintiffs' conduct shows that they accepted and continued in their jobs intending to receive a fixed salaries regardless of the number of hours they worked. *Saxton v. Young*, 479 F.Supp.2d 1243, 1256-1257 (N.D. Ala. 2007) ("Even in the absence of an explicit agreement . . . courts have held that a course of conduct between the parties where employees continue to work and receive fixed salaries for varying numbers of hours"

10

justifies half-time method) (citing *Port Royale Trading*, 198 Fed. Appx. at 846). Indeed, every Plaintiff received the same salary each pay period, regardless of the number or hours worked. SOF ¶¶8-13. When Plaintiffs claim to have worked more than forty hours per workweek, and even when their hours dipped below forty, their salaries remained the same. SOF ¶¶9-12. In many cases, aside from annual raises, Plaintiffs received the same salaries for months or years on end, whether they worked short hours or long hours. SOF ¶13. *See English*, 2004 U.S. Dist. LEXIS 29900, at *11 (holding half-time method applies where "earning statements clearly reveal that [plaintiff] received the same pay for each week"). And despite Plaintiffs' claims of frequent forty-plus hour workweeks, nearly all of them continued to work without asking for premium pay when they worked longer hours. Plaintiffs cannot dispute these facts. SOF ¶14. In short, Plaintiffs understood that they would receive only their salaries. No reasonable person could work fluctuating hours for months or years on end, while receiving the same fixed salary, and nevertheless believe that her salary covered a fixed number of work hours per workweek.

Plaintiffs may have hoped that they would work forty or fewer hours each week. They may have expected to work a particular number of hours based on their past employment experiences. They may have even complained about working long hours. SOF ¶14. None of this, however, changed the parties' clear understanding about Plaintiffs' salaries. *See English*, 2004 U.S. Dist. LEXIS 29900, at *12 (stating "it is irrelevant that Plaintiff objected to his being placed on a straight salary for varying hours. Plaintiff impliedly understood the agreement by continuing to work and receive the same pay check week after week"); *see also Urnikis-Negro*, 616 F.3d at 674 (affirming half-time method

11

where salaried employee believed she would work a forty-hour week, as she had for her prior employer, but routinely worked more than forty hours per week for defendant).  If Plaintiffs understood that their salaries were intended to compensate them for a specific number of hours each week, they could have, would have, or should have asked for the compensation missing from their semi-monthly paychecks.  But nearly all Plaintiffs conceded that they never did so.  The reason is clear: Plaintiffs knew that their salaries compensated them for all of their hours of work, as most of them admitted.  No reasonable juror could reach a different conclusion.

Courts in this Circuit have granted or affirmed summary judgment to defendants regarding application of the half-time method where, as here, the undisputed evidence showed that plaintiffs' salaries covered all hours worked.  *See Garcia v. Yachting Promotions*, 662 Fed.Appx. 795, 798 (11th Cir. 2016); *Port Royale Trading*, 198 Fed.Appx. at 846; *Davis*, 2003 WL 21488682, at *3; *Torres*, 482 F.Supp.2d at 1382; *English*, 2004 U.S. Dist. LEXIS 29900, at *14; *Linscheid v. Natus US Medical, Inc.*, No. 12-cv-67, 2015 U.S. Dist. LEXIS 40255, *30-36 (N.D. Ga. March 30, 2015); *Saxton*, 479 F.Supp.2d at 1257.  In fact, as these decisions reflect, courts in this Circuit have granted summary judgment to employers on the half time method based on less compelling records than the one here.  Unlike the record here, the above decisions do not highlight the existence of offer letters stating that the plaintiffs' salaries "cover[ed] all work performed."  SOF ¶4.  Also unlike the record here, the above decisions do not reflect admissions from plaintiffs that they understood that their salaries compensated them for all hours of work.  SOF ¶14.  In *Torres*, then District Court Judge Adalberto Jordan, now on the Eleventh Circuit, held that the half-

12

time method applied simply because the plaintiff received the same salary each week regardless of his hours of work. 482 F.Supp.2d at 1381-1382. In *Yachting Promotions*, the employee claimed that he did not understand English, so he did not understand the number of hours that his salary was intended to compensate. 662 Fed. Appx. at 797-798. The Eleventh Circuit nevertheless affirmed summary judgment in favor of the employer regarding the half-time method because the employee received a fixed salary for years despite varying hours of work. *Id*. at 798.

Simply put, the undisputed evidence establishes clearly that Plaintiffs' salaries were intended to compensate them for all hours of work, including any hours worked over forty each workweek. Accordingly, any Plaintiff who prevails on liability, and proves to have worked more than forty hours during a workweek, will be entitled to overtime premium calculated using the half-time method.

## IV. CONCLUSION

For the above reasons, The Hartford respectfully requests a summary judgment order holding that Plaintiffs' overtime damages, if any, must be calculated using the half-time method (i.e., weekly salary divided by weekly hours times one-half times hours worked beyond forty worked in the workweek).

Dated:  June 5, 2018

Defendant Hartford Fire Insurance Company,

By Its Attorneys,

| | |
|---|---|
| */s/ Patrick J. Bannon* | |
| Patrick J. Bannon (*pro hac vice*) | Tasos C. Paindiris (Fla. Bar No. 41806) |
| Hillary J. Massey (*pro hac vice*) | Jesse I. Unruh (Fla. Bar No. 93121) |
| Molly C. Mooney (*pro hac vice*) | Jackson Lewis P.C. |
| SEYFARTH SHAW LLP | 390 N. Orange Avenue |
| Two Seaport Lane, Suite 300 | Suite 1285 |
| Boston, MA 02210 | Orlando, FL 32801 |
| Tel:  (617) 946-4800 | Tel: (407) 246-8440 |
| Fax:  (617) 946-4801 | tasos.paindiris@jacksonlewis.com |
| pbannon@seyfarth.com | jesse.unruh@jacksonlewis.com |
| hmassey@seyfarth.com | |
| mmooney@seyfarth.com | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Patrick J. Bannon*
Patrick J. Bannon