# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PATRICIA DEARTH, JESSICA PEREZ,**
**JAMIE RIVERA, LAYFON ROSU,**
**MARISSA SHIMKO, CAROL SOMERS,**
**JEANNE BACHMANN and ALICIA**
**DUQUETTE,**

      **Plaintiffs,**

**v.**     Case No: 6:16-cv-1603-Orl-37KRS

**HARTFORD FIRE INSURANCE**
**COMPANY,**

      **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' RENEWED MOTION FOR DEFAULT JUDGMENT** (Doc. No. 324)
>
> **FILED:** August 14, 2018
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

## I. THE DISCOVERY DISPUTE.

Plaintiffs once again seek the most severe sanction of entry of a default judgment against Defendant, Hartford Fire Insurance Company ("Hartford"), for failure to produce discovery as required by Court orders. Specifically, Plaintiffs rely on my March 19, 2018 order requiring Defendant to produce documents responsive to Requests 2 and 18 in Plaintiffs' First Request to Produce (Doc. 267) and Judge Dalton's April 16, 2018 order requiring Defendant to immediately

produce any discovery not yet provided as required by discovery orders (Doc. 288).  Plaintiffs assert that on July 5, 2018, Defendant produced documents responsive to Requests 2 and 18 of Plaintiffs' First Request for Production of Documents.  Counsel for Plaintiffs assert that Plaintiffs have been prejudiced because the documents belatedly disclosed bear on issues to be resolved in this case.

In response, Defendant concedes that in collecting discoverable information in the *Andreas-Moses* case, it discovered additional documents that should have been produced in this case.  Doc. No. 327, at 1.  It submitted declarations in support of its argument that the belated production was "the result of honest errors by The Hartford's counsel and ESI vendor . . . ." *Id.* at 2.  The declaration of Daniel Barnaby, the Director of Project Management at TLS (Hartford's ESI vendor), does not shed much light on the failure to produce the documents because it is based largely on undisclosed instructions from Defendant's counsel about what to search for and produce.  Doc. 327-1.  The declaration from Thomas Cantu, Hartford's Analyst, IT Security & Compliance, addressed only the volume of documents that had to be reviewed in response to the Court's orders, not why certain documents responsive to those orders were not timely produced.  Doc. 327-2.

The declaration of Patrick Bannon, one of the attorneys of record for Hartford in this case, is slightly more illuminating.  He attests in pertinent part as follows:

> In June of 2018, as part of an effort to produce documents in the related *Andreas-Moses* case, Seyfarth Shaw reviewed the contents of the TLS's document review database. . . . Even though the review was intended to identify documents for production in *Andreas-Moses*, a Seyfarth Shaw attorney observed documents that seemed to be at least potentially responsive to documents requests in this matter (*Dearth*) but did not have Bates numbers to indicate that they had already been produced.  Seyfarth Shaw and TLS undertook a review of the TLS database . . . . The review identified [four categories of documents].
>
> Coincidentally, on June 4, 2018, in preparing a motion for partial summary judgment as to the "half-time" method of calculating damages, Seyfarth Shaw noticed that offer letters for several employees were not included among the hundreds of offer letters

>    The Hartford had produced.  After further investigation, Seyfarth Shaw determined that The Hartford had provided ten offer letters to Seyfarth Shaw in late 2016 but the ten letters had never been provided to TLS or otherwise produced.  The Hartford produced all of these documents – the documents from the TLS database as well as the ten offer letters – on July 5, 2018. . . . All of the ten late-produced offer letters state that the employee's salary covers "all work performed."  Thus, if these offer letters had been produced earlier, they would have supported The Hartford's position, not Plaintiffs', on the issue raised by the Hartford's motion for partial summary judgment . . . .

Doc. No. 327-3 (internal formatting omitted).

## II.     ANALYSIS.

Federal Rule of Civil Procedure 37(b)(2)(A)(vi) states that if a party fails to obey an order to provide or permit discovery, the Court may issue further just orders which may include rendering a default judgment against the disobedient party.  To impose such a severe sanction, Plaintiffs must establish that Hartford acted willfully or in bad faith and that no lesser sanctions would ensure compliance with the Court's orders.  *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (citations omitted); *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 324 F.R.D. 404, 414 (M.D. Fla. 2018) (citations omitted).  "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process."  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (per curiam) (citing *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982)).

The record of discovery disputes in this case reveals that Hartford has been uncooperative and that its counsel has engaged in tactics designed to delay production of discovery in this case. With respect to the specific dispute at issue, however, counsel for Plaintiffs has not presented evidence that Hartford's failure to produce the belatedly disclosed documents was willful or in bad faith.  Counsel for Plaintiffs has also not presented any evidence of prejudice, such as evidence that a particular belatedly disclosed document is a crucial piece of evidence bearing on the issues

Case 6:16-cv-01603-RBD-KRS   Document 328   Filed 08/30/18   Page 4 of 4 PageID 5465

- 4 -

presented in the pending motion for partial summary judgment. Accordingly, entry of a default judgment is not appropriate.

**DONE** and **ORDERED** in Orlando, Florida on August 30, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE