UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANNE BACHMANN, PATRICIA DEARTH, )
ALICIA DUQUETTE, JESSICA PEREZ, JAMIE )
RIVERA, LAYFON ROSU, MARISSA )
SHIMKO, and CAROL SOMERS, on behalf of )
themselves and others similarly situated, )
    Plaintiffs, )
v. ) Case No. 6:16-cv-1603-Orl-37KRS
 )
HARTFORD FIRE INSURANCE COMPANY, )
a Foreign for Profit Corporation, )
    Defendant. )
 )

**MOTION FOR BIFURCATION OF TRIAL, REPRESENTATIVE PROOF ON LIABILITY, AND PARTIAL DECERTIFICATION ON DAMAGES AND INCORPORATED MEMORANDUM OF LAW**

    This FLSA Collective Action is scheduled for trial in November 2018. In an effort to ensure the upcoming jury trial is streamlined as to length, scope, and complexity, Defendant Hartford moves for the adoption of a trial plan that reflects the Court's reasoning in its June 18, 2018 Order in the parallel case *Andreas-Moses v. Hartford*:

1. Bifurcation of trial on liability and damages

2. Trial of liability based on an agreed-upon sample of representative plaintiff witnesses; and

3. Decertification of the issue of individual damages.

    Defendant Hartford brings this motion to expedite the trial and resolution of this case. This trial plan comports with how FLSA cases are typically tried and the Court's expressions of how proof should be sequenced. Absent bifurcation a full trial is unworkable. With forty-four individual plaintiffs offering testimony on both liability and their individual damages, Plaintiffs' case-in-chief, alone, would likely take several weeks (possibly a month) to present to a jury.

Moreover, although the parties' trial plan is not yet due, that trial plan scheduled to be filed with the Court on October 11, 2018 will be dramatically different depending on whether the case is bifurcated as to liability and damages, and whether a small representative group of plaintiffs serve as witnesses. Accordingly, Defendant Hartford, after conferring with Plaintiffs' counsel, hereby files this motion.

## I.     THE COURT'S DECISION IN ANDREAS-MOSES

In *Andreas-Moses*, the Court limited certification of the class to liability only, expressly recognizing that "determining the Analysts' entitlement to overtime pay will require individualized inquiry into how much they worked at any given time." See Order dated June 18, 2018. So too in this case, "the elephant in the room is that Plaintiffs don't know, beyond guestimates, how many hours they worked . . . ." Id. The same individualized issues that led the Court to bifurcate liability and damages in *Andreas-Moses* are present in the instant case. Indeed, many of the plaintiffs in *Andres-Moses* are also plaintiffs in *Dearth*; e.g., Andreas-Moses, Wojcik, Wright, Wagner, Cook, and West. For precisely the same reason that the Court refused to certify the *Andreas-Moses* class for all purposes, and ordered individual proof on damages, the Court should order that same, partial decertification and bifurcation here.

## II.    BIFURCATION OF TRIAL

This proposal for bifurcation is common with respect to FLSA collective actions, where courts frequently bifurcate trial, allowing representative evidence on liability and requiring plaintiff-by-plaintiff evidence on damages. *See, e.g.*, 7B CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1807 at 503–04 (3d ed. 2005) ("In the few reported cases that have proceeded to trial, courts have bifurcated the proceedings, allowing the collective action to proceed first on a representative or group basis for the liability stage of the litigation. Certification is then reviewed at the remedial stage, in

order to determine whether the litigation should continue as a group action, whether subclasses should be established, or whether the action should be dismantled into individual trials."). Here, the Court does not need to wait until after the liability phase to decertify the collective as to damages since the Court has already identified the wide variance in claimed overtime hours in its *Andreas-Moses* ruling. In any event, whether the collective is decertified now or after the trial on liability, the damage issue should be separated from the trial on liability.

In a recent FLSA case in this District, *Romero v. Fla. Power & Light Co.,* No. 6:09-CV-1401-ORL-36, 2012 WL 1970125, at *7 (M.D. Fla. June 1, 2012), the court explicated the jurisprudential wisdom in bifurcating liability and damages:

> If Plaintiffs prevail on liability, the calculation of damages in this action will be a complicated process. As Plaintiffs note, assessing damages will require examination of the time and payroll records for each of the named and opt-in Plaintiffs, examining which weeks each plaintiff actually worked uncompensated overtime hours, their various rates of pay, and whether the plaintiff remains employed by FPL. The Court agrees that it is neither efficient nor convenient to undertake damage calculations unless and until Plaintiffs have prevailed on the issue of liability.

This precise reasoning was echoed in Magistrate Judge Spaulding's Report and Recommendation in this case (Doc. 329) dated September 4, 2018: "Until a jury concludes that Defendant is liable under the FLSA for failure to pay overtime compensation to any Plaintiff, a determination of how to compute overtime compensation damages is premature." *Id.* at 14 (citing cases, including *Kelly v. TaxPrep1, Inc.,* No. 5:13-CV-451-OC22PRL, 2015 WL 4488401, at *2 (M.D. Fla. July 22, 2015) ("until it is found that Plaintiffs were misclassified as exempt, the Court will not need to determine the . . . extent of Plaintiffs' damages.").

In terms of trial manageability, leaving damages for separate adjudication after liability is determined, one way or the other, may substantially reduce the length and complexity of the jury trial in *Dearth*. As the *Romero* court observed, "the resolution of the liability stage separately

3

may obviate, narrow, or allow resolution of the amount of damages, if any . . . ." *Romero*, 2012 WL 1970125, at *6. If liability is not found, there will be no need for lengthy damages evidence for the Court or the jury. Indeed, in its Order on class certification in *Andreas-Moses*, the Court noted that "Plaintiffs' Counsel proposed bifurcating the merits from damages should the Court find that individual inquiries predominate in the damages context . . . ." Order dated June 18, 2018 at 16.

### III.  REPRESENTATIVE TESTIMONY ON LIABILITY

"Judicial efficiency favors using representative testimony on issues of liability." *Romero v. Fla. Power & Light Co.*, No. 6:09-CV-1401-ORL-36, 2012 WL 1970125, at *5 (M.D. Fla. June 1, 2012). Recognizing the need to control and manage the length and complexity of a jury trial, the "general rule" is "that not all employees have to testify to prove overtime violations." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1279 (11th Cir. 2008). The standard for determining how much representative testimony is sufficient is a common-sense one. "'[T]here is no bright line formulation that mandates reversal when the sample is below a percentage threshold. It is axiomatic that the weight to be accorded evidence is a function not of quantity but of quality.'" *Id.* (quoting *Reich v. S. New England Telecomms. Corp.,* 121 F.3d 58, 63 (2d Cir.1997)). Furthermore, parties may stipulate that an employee is representative of other employees. *See Sec'y of Labor v. DeSisto*, 929 F.2d 789, 793 (1st Cir. 1991) (noting stipulation as reason to find employees representative).

For the same reasons articulated in the Court's *Andreas-Moses* Order, common proof on liability can suffice for the LTD Analysts in the *Dearth* trial by relying on a smaller group of representative plaintiffs. Instead of calling all forty-four plaintiffs, the Plaintiffs can present their liability case by calling ten, or some reasonable, lesser number of LTD Analysts as representative witnesses for liability as to the classification of the LTD Analysts. To ensure that

4

Defendant's Due Process rights are protected, while seeking a more manageable trial, Defendant proposes that Plaintiffs' counsel selects half the testifying LTD Analyst plaintiffs based on their deposition testimony and Defendant's counsel selects the other half.

## IV.   CONCLUSION

For all the reasons set forth herein, it is respectfully requested that this Court issue an Order: (1) bifurcating the trial so that liability is tried separately before any trial or hearing on individual damages; (2) ordering that Plaintiffs are to put on their liability case as to LTD Analysts through representative testimony of ten, or such lesser number of individual plaintiffs as the Court may decide, half of whom are to be selected by Plaintiffs' counsel and half of whom are to be selected by Defendant's counsel based on their deposition testimony; and (3) partially decertifying this case as to damages. The Hartford's request for decertification on damages is consistent with class certification in the *Andreas-Moses* case.

Due to the upcoming case deadlines, including the pre-trial meeting between the parties set to occur on October 1, 2018 and the pre-trial conference before Judge Dalton set to occur on October 18, 2018, The Hartford requests that responsive briefing on this motion be expedited. Specifically, The Hartford requests that the deadline for the memorandum in opposition to this motion be set for Monday, September 24, 2018.

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Defendant has conferred with counsel for Plaintiffs and Plaintiffs oppose the relief sought herein.

DATED this 16th day of September, 2018.

Respectfully submitted,

| | |
|---|---|
| */s/ Thomas Rohback* <br> Thomas Rohback (pro hac vice) <br> Axinn, Veltrop & Harkrider, LLP <br> 90 State House Square <br> Hartford, CT 06103 <br> Tel: (860) 275-8100 <br> trohback@axinn.com <br><br> Patrick J. Bannon (pro hac vice) <br> Anthony Califano (pro hac vice) <br> Hillary J. Massey (pro hac vice) <br> Molly C. Mooney (pro hac vice) <br> Seyfarth Shaw LLP <br> Two Seaport Lane, Suite 300 <br> Boston, MA 02210 <br> Tel: (617) 946-4800 <br> pbannon@seyfarth.com <br> acalifano@seyfarth.com <br> hmassey@seyfarth.com <br> mmooney@seyfarth.com | Tasos C. Paindiris (Fla. Bar No. 41806) <br> Jesse I. Unruh (Fla. Bar No. 93121) <br> JACKSON LEWIS P.C. <br> 390 North Orange Avenue, Suite 1285 <br> Orlando, Florida 32801 <br> Tel:   (407) 246-8440 <br> tasos.paindiris@jacksonlewis.com <br> jesse.unruh@jacksonlewis.com |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of September, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/Thomas Rohback*
Thomas Rohback

4818-0067-2114, v. 6