# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PATRICIA DEARTH, JESSICA PEREZ,
JAMIE RIVERA, LAYFON ROSU,
MARISSA SHIMKO, CAROL SOMERS,
JEANNE BACHMANN and ALICIA
DUQUETTE,**

       **Plaintiffs,**

**v.**                                                        **Case No: 6:16-cv-1603-Orl-37LRH**

**HARTFORD FIRE INSURANCE
COMPANY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. 377)**
>
> **FILED:** February 13, 2019
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### A. BACKGROUND.

Plaintiffs, both current and former employees of Defendant, Hartford Fire Insurance Company, filed a second amended complaint against Defendant alleging that Defendant failed to pay them overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Doc. No. 202. The second amended complaint also includes a state law unpaid

wage claim by Plaintiff Jeanne Bachmann under Illinois law, and a claim by Plaintiff Alicia Duquette under Massachusetts law. *Id.* at 9, 11.

Plaintiffs moved for conditional certification of this collective action. Doc. 51. The Court granted the request, in part, but the class excludes employees who assented to Defendant's arbitration policy. Doc. 163, at 26. Jeanne Bachmann, Patricia Dearth, Alicia Duquette, Jessica Perez, Jamie Rivera, Layfon Rosu, Marissa Shimko, and Carol Somers are the representative Plaintiffs. *Id.* at 27; Doc. No. 202. Based on a review of the docket, thirty-six individuals who filed consents to join the collective action remain as Plaintiffs.[1]

On February 13, 2019, the parties filed a Joint Motion for Approval of Settlement, in which they request that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 377. With the motion, the parties have filed a copy of their Agreement and Release ("Agreement") (Doc. No. 377-1); a notification to Plaintiffs titled, "Notice of Settlement of Lawsuit" ("Notice of Settlement") (Doc. No. 377-2); a chart containing the amounts each Plaintiff will receive in settlement ("Distribution Chart") (Doc. No. 377-3); and a release to be signed by each Plaintiff ("Release Form") (Doc. No. 377-4).

The Agreement provides for a total settlement amount up to $921,333.34, which represents $663,358.34, the total amount to be divided among the representative and opt-in Plaintiffs in accordance with the Distribution Chart (Doc. No. 377-3), as well as $257,975.00 in attorneys' fees and litigation expenses. Doc. No. 377-1 ¶ 5.1.

The Agreement is contingent on Plaintiffs executing and returning the Release Form. *See id.* ¶ 3.1; 377-4. It provides that counsel for Plaintiffs shall mail each Plaintiff a package containing

---

[1] *See* Doc. Nos. 2-2, 2-5, 2-8, 2-9, 2-10, 2-11, 4-1, 5-1, 6-1, 6-2, 8, 9-1, 10, 12, 13, 20, 21, 37, 38, 39, 46, 48, 49, 106, 108, 124, 125, 131, 141, 144, 145, 155, 160, 173, 174, 175, 178, 179, 180, 181, 182, 183, 184, 185, 186, 190, 193, 230 (opt-in forms); *see also* Doc. Nos. 339, 341, 342 (opt-out forms).

the Notice of Settlement and the Release Form within 10 days after Court approval of the Agreement. Doc. No. 377-1 ¶ 3.1. In order to participate in and be bound by the Agreement, each Plaintiff must complete and return the Release Form to counsel within 40 days after Court approval. *Id.* ¶ 3.2. If 5 or more representative or opt-in Plaintiffs fail to timely sign and return the Release Form, or if the representative and opt-in Plaintiffs who fail to timely sign and return the Release Form in combination represent more than 15% of the payment amount, Defendant shall have the right to declare the Agreement null and void. *Id.* ¶ 6.2. In the event that Defendant nullifies the Agreement due to participation, the parties will return to their same positions in the lawsuit without prejudice to either party. *Id.*

The Court subsequently ordered the parties to file a supplemental brief addressing two issues with the Agreement. First, the materials provided with the joint motion only included information for thirty-three Plaintiffs and did not address opt-in Plaintiffs Joey Ouelette, Sam Al-Nwiran, or Ida M. Delpha. Doc. No. 380, at 2. Second, the parties did not provide a certification whether the attorney's fees were negotiated separately and without regard to the settlement amount, nor did they provide evidence supporting the reasonableness of the attorney's fees set forth in the Agreement. *Id.* at 2–3.

In a Joint Supplementation of Joint Motion for Approval of Settlement (Doc. No. 381), the parties represent that Plaintiffs Ouellette, Al-Nwiran, and Delpha signed arbitration agreements with Defendant. Accordingly, those Plaintiffs were compelled to arbitrate their claims and are not part of the Agreement. *See* Doc. No. 162. As to the attorney's fees, the parties have provided a certification that the attorneys' fees were negotiated separately and without regard to Plaintiffs' recovery. Doc. No. 381, at 2. The parties further represent that Plaintiffs' counsel spent 4,733 hours on this case, and the total recovery is $257,975.00. *Id.* Thus, they note that the hourly rate

of compensation is $54.50 per hour, which they represent is far below the normal hourly rate of Plaintiffs' attorneys. *Id.*

In the joint motion for settlement approval, the parties ask that the Court approve the Agreement and dismiss this action without prejudice. Doc. No. 377, at 4. They also request that the Court retain jurisdiction for the time period of compliance with the Agreement. *Id.* at 3. The matter was referred to the undersigned for issuance of a Report and Recommendation, and it is ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food Stores*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353–55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed

When a settlement agreement includes an amount for attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[3] The parties may demonstrate the reasonableness of the attorney fees by either: (1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III. ANALYSIS.

### A. *Whether Plaintiffs Have Compromised Their Claims.*

The parties represent that there exists a bona fide dispute as to Plaintiffs' FLSA claims. Doc. No. 377, at 5. Defendant contends, and Plaintiffs deny, that Plaintiffs were subject to the administrative exemption under the FLSA. *Id.* at 6. Plaintiffs provided estimates of the hours worked during their employment, and Defendant disputed those estimates and contended that the estimates contained discrepancies. *Id.* Thus, the parties represent that there was "a clear dispute" and a "large divide" in the parties' positions regarding the number of hours worked by Plaintiffs and whether they were exempt under the FLSA. *Id.* The parties acknowledge that Plaintiffs ultimately compromised their claims after extensive settlement negotiations. *Id.* at 6–7.

Because Plaintiffs will receive less under the Agreement than the amount they claimed they were owed under the FLSA, Plaintiffs have compromised their claims within the meaning of *Lynn's*

---

down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

*Food*. *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

B. *Reasonableness of the Settlement Amount.*

Because Plaintiffs have compromised their claims, the Court must determine whether the settlement amount they agreed to accept is reasonable. Here, each Plaintiff will recover anywhere from $959.08 to $61,359.34. Doc. No. 377-3. The parties point to the Distribution Chart and represent that they considered the following factors in determining the amount of each Plaintiff's distribution:

> (i) the number of weeks a Plaintiff worked in a particular job during the relevant time period;
> 
> (ii) the number of weeks worked by a Plaintiff during the class time period;
> 
> (iii) when a Plaintiff opted into the lawsuit;
> 
> (iv) the particular Plaintiff's rate of pay;
> 
> (v) the type of Analyst position held by each Plaintiff;
> 
> (vi) the estimate of hours a Plaintiff worked in any given work week based upon Plaintiffs' estimate of hours as well as Defendant's records; and, other factors related to the legal risks associated with continued litigation and trial.

Doc. No. 377, at 7. The parties also considered the risks of continuing to litigate the case. *Id.* Plaintiffs and Defendant continue to strongly disagree over the merits of Plaintiffs' claims. *Id.* at 9. Both parties investigated Plaintiffs' claims over the past two years, exchanged voluminous amounts of information during discovery, and have made "an educated and informed analysis and conclusion" regarding the settlement. *Id.* at 9–10.

Because these representations adequately explain the reasons for the compromise of Plaintiffs' FLSA unpaid wage claims, I recommend that the Court find the amount of the compromise reasonable. *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by

competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

    *C. Attorney's Fees and Costs.*

Because Plaintiffs have compromised their FLSA overtime claims, the Court must also consider whether the payment to their attorneys is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiffs agreed to accept in settlement. *See Silva*, 307 F. App'x at 351. Pursuant to the Agreement, Plaintiffs' counsel will receive $257,975.00 in attorneys' fees and litigation expenses. Doc. No. 377-1 ¶ 5.1. In the joint motion, the parties represent that after counsel for Plaintiff determined how much Plaintiffs required to settle the case, the amount of fees for Plaintiffs' counsel was communicated to counsel for Defendant. Doc. No. 377, at 11. The parties represent that "Plaintiffs' claims were not compromised in any way by the amount paid in attorney's fees and costs" and that Plaintiffs were not adversely affected by the amount of fees to be paid to counsel. *Id.* The parties also agree that given the "complexity of the case and the tenacity of the defense," the amount of attorneys' fees and costs are just and reasonable. *Id.*

In the Supplemental Brief, counsel jointly represent that Plaintiffs' counsel provided separate demands to settle Plaintiffs' claims and to settle the issue of attorneys' fees. Doc. No. 381, at 2. Plaintiffs' counsel first established the amount Plaintiffs required to settle the case, without regard to attorneys' fees, and attorneys' fees were separately agreed upon without affecting Plaintiff's recovery. *Id.*

Based on these representations, there is no reason to believe that the amount Plaintiffs agreed to accept was adversely affected by the amount of fees paid to their counsel. *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorney's fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's

settlement"). Therefore, I recommend that the Court find that the amount of attorney's fees to be paid under the Agreement does not taint the amount Plaintiffs agreed to accept to settle their FLSA claims.

   *D. The Release.*

The Court must next consider whether Plaintiffs' release of claims in the Agreement renders it unfair. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). Any of the Plaintiffs who wish to participate in the Agreement must execute the Release Form, which provides:

> In consideration for the money paid to the undersigned Plaintiff pursuant to the Settlement, the undersigned Plaintiff waives and releases Defendant and any of its parents, predecessors, subsidiaries, affiliates, and their past and present directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys from all claims brought in the Lawsuit, including any claims for interest, attorney's fees, or litigation expenses associated with the Lawsuit.

*See, e.g.*, Doc. No. 377-4, at 1. The release is limited to the claims raised in Plaintiff's second amended complaint and those at issue in this lawsuit. Therefore, "the Release is sufficiently narrow because . . . it 'does not require Plaintiff[s] to release all possible claims, but only those asserted in the [C]omplaint.' Hence the Release does not render the Settlement unfair." *Dumas v. 1 Able Realty, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 1791535, at *1 (M.D. Fla. Apr. 16, 2018) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010)). [4]

---

[4] I note that the release extends to non-parties to the agreement. The presiding District Judge has previously noted, "a general release may not be used to release a non-party. Even if the parties were to cabin the release to FLSA claims, the Court remains skeptical as to the propriety of releasing FLSA claims against a non-party." *Arguelles v. Noor Baig, Inc.*, No. 6:16-cv-2024-Orl-37TBS, Doc. No. 19 (M.D. Fla. Feb. 24, 2017). However, where the release is limited to the wage claims asserted in the complaint, the Court has allowed extension of such a release to non-parties to the agreement. *See, e.g.*, *Marte v. Gizmo Orlando, Inc.*, No. 6:18-cv-596-Orl-37KRS, 2018 WL 3084007, at *1 (M.D. Fla. June 22, 2018); *Dumas*, 2018 WL

Accordingly, I recommend that the Court find that the release does not affect the reasonableness of the Agreement.

### E. Retention of Jurisdiction.

The parties request that the Court dismiss the case without prejudice and retain jurisdiction for the time required for compliance with the Agreement. Doc. No. 377, at 3. When the terms of the Agreement are met, the parties agree to immediately notify the Court by filing a joint notice of dismissal with prejudice. *Id.* Generally, Courts in this District decline to retain jurisdiction to enforce the terms of an FLSA Agreement. *See, e.g.*, *DeGraff v. SMA Behavioral Health Servs., Inc.*, 945 F. Supp. 2d 1324, 1330 (M.D. Fla. 2013); *Schisler v. Sam's West, Inc.*, No. 6:15-cv-517-Orl-22KRS, 2016 WL 2866216, at *3 (M.D. Fla. Apr. 29, 2016), *report and recommendation adopted by* 2016 WL 2854273 (M.D. Fla. May 16, 2016). Here, however, I recommend that the Court retain jurisdiction to enforce the Agreement. The Agreement may be voided if 5 or more representative or opt-in Plaintiffs fail to timely sign and return the Release Form, or if the representative and opt-in Plaintiffs who fail to timely sign and return the Release Form in combination represent more than 15% of the payment amount. Doc. No. 33-1 ¶ 6.2. In the event that Defendant nullifies the Agreement due to participation, the parties will return to their same positions in the lawsuit without prejudice to either party. *Id.* Accordingly, it is possible that the Agreement will be voided and the case would need to be resolved on the merits. Therefore, I recommend that the Court retain jurisdiction to enforce the terms of the Agreement and, pursuant to Local Rule 3.08, the Court dismiss the case without prejudice, subject to the right of any party, within ninety (90) days from the date of the Court's order on the motion, to move the Court for entry

---

1791535, at *1; *Monserrate v. Hartford Fire Ins. Co.*, No. 6:14-cv-149-Orl-37GJK, 2016 WL 5847123, at *2 (M.D. Fla. Oct. 6, 2016). Accordingly, I recommend that the Court find that the release in this case does not undermine the fairness of the settlement.

of an order dismissing the case with prejudice, or, on good cause shown, to reopen the case for further proceedings. *See Monserrate v. Hartford Fire Ins. Co.*, No. 6:14-cv-149-Orl-37GJK, 2016 WL 5847123, at *2 (M.D. Fla. Oct. 6, 2016) (adopting recommendation, retaining jurisdiction to enforce the settlement agreement, and dismissing case without prejudice in substantially similar collective action where settlement was contingent on plaintiffs executing and returning release forms).

## IV. CONCLUSION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **GRANT** the Joint Motion for Approval of Settlement (Doc. No. 377);
2. **FIND** that the Agreement (Doc. No. 377-1) is a fair and reasonable resolution of a bona fide dispute under the FLSA;
3. **DISMISS** the case without prejudice, subject to the right of any party, within ninety (90) days from the date of the Court's order on the motion, to move the Court for entry of an order dismissing the case with prejudice, or, on good cause shown, to reopen the case for further proceedings; and
4. **RETAIN** jurisdiction to enforce the terms of the Agreement until such time as the parties file a joint notice of dismissal with prejudice.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 28, 2019.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy